

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-48,544-03

### EX PARTE ABDEL MOHANAD RAHIM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W95-72756-K(C) IN THE CRIMINAL DISTRICT COURT #4
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Rahim v. State*, No 05-96-01069-CR (Tex. App. — Dallas June 5, 1998) (not designated for publication). Applicant challenged this conviction by way of habeas corpus ("the -01 application") in 2001, alleging that the State failed to disclose that two witnesses were promised leniency in exchange for the their trial testimony, that those witnesses testified falsely, and that Applicant's right to confrontation was denied when the statement of a non-testifying co-defendant was admitted at trial. This Court denied Applicant's -01 application on May 2, 2001.

Applicant filed this application for a writ of habeas corpus in the county of conviction, and

the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. In this application, Applicant alleges that the State failed to disclose the existence of promises of leniency in exchange for the testimony of a third witness, Orlando Barrios. According to Applicant, he did not learn about this information until the State opened its file in 2012. Applicant also alleges that he has newly-available evidence of actual innocence in the form of a statement provided in 2016 by co-defendant Mario Cabrera, in which Cabrera states that he was never offered or paid money by Applicant to kill the victim.

Applicant has alleged facts that, if true, might entitle to relief. *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Elizondo*, 947 S.W.2d 202, 208 (Tex. Crim. App. 1996). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Mario Cabrera testified at Applicant's trial, or whether his custodial statement was admitted at Applicant's trial. The trial court shall make findings of fact as to whether Cabrera's November 7, 2016, statement is credible, and as to whether it constitutes newly-discovered or newly-available evidence of Applicant's actual innocence. The trial court shall make findings of fact and conclusions of law as to whether Orlando Barrios was promised leniency in exchange for his testimony against Applicant, and if so, whether such promises were disclosed to the defense prior to trial. The trial court shall make findings of fact and conclusions of law as to whether Applicant's current claims

meet an exception to the bar on subsequent applications contained in Article 11.07, section 4 of the Texas Code of Criminal Procedure. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 18, 2020
Do not publish